# Milton H. Wilson et al.
## v.
# Dixon Bean.

*Limited Partnerships—Special Partner—Certificate—Statute of Colorado—Liability as General Partner—Evidence.*

1.  The purpose of requiring a certificate of the amount of capital contributed by a special partner, is to enable those who may deal with the firm to estimate the credit that may be prudently extended to it, and it is strictly just that they shall be able to make such estimate with the greatest possible accuracy.

2.  The certificate of a special partner which sets forth that he contributed goods to the value of a certain amount, the fact being that an indebtedness was paid him by the firm during the continuance thereof, must be looked upon as sufficiently misleading and deceptive to render its maker liable as a general partner to creditors of the firm.

[Opinion filed October 23, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. FLOWER, REMY & HOLSTEIN, for appellants.

Messrs. BISBEE, AHRENS & DECKER, for appellee.

MORAN, J.   This action was brought to recover from appellee, as a general partner, for goods sold and delivered to the firm of C. L. De Mange & Co., which was organized as a limited partnership under the statute of Colorado.   A special partnership may be formed under the law of that State by the special partners contributing, instead of money, property at a cash value, and the certificate required by the statute to be signed by the partners must state the amount of money, or property at cash value, contributed by the respective special partners.

The certificate of organization of the special partnership signed by appellee, stated that his contribution to the capital stock was " the sum of two thousand six hundred and thirty-five and eighty-six one hundredths dollars, in merchandise of the full cash value of the said sum."   The evidence shows that what was contributed was certain merchandise which had belonged to a prior firm, the value of appellee's interest in which was estimated to be the sum named in the certificate. We do not find it necessary to determine whether turning over an undivided interest in a stock of merchandise, which interest is estimated to be of a certain value, is equivalent in law and in fact to contributing merchandise of a certain cash value, for the reason that we are compelled to reverse this case, however that particular question may be.

It appears from the evidence in this case, that prior to the formation of this special partnership, a partnership in a similar business existed between appellee and C. L. De Mange, and that said former firm had become indebted to Wilson Brothers, and was unable to pay, and that to protect the firm,

appellee, shortly before the formation of the special partnership, purchased from said Wilson Brothers their said claim, paying therefor the sum of $1,754.19, and took an assignment of said claim to himself, and it was credited to him on the books of the firm. This indebtedness of the old firm does not appear, so far as we can ascertain from the evidence, to have been settled or paid up at the time of the formation of the special partnership in question, but seems to have been paid to appellee during the continuance of the special firm in small payments made from time to time out of moneys received by the said firm in course of its business. It is contended by appellee that it is not shown that this money was paid to him out of the firm assets. *Non constat*, he says that De Mange did not obtain the money from some other source than out of the firm assets. But the source whence De Mange got money to pay other claims to appellee is shown, and no attempt is made to show the source of the payments made from time to time on this debt. We think the fair inference from the evidence as it is in this record, is that this claim against the old firm was held by appellee against the new firm, and paid by the new firm, and if this was so, then it operated as a practical withdrawal of capital by appellee to the amount of such claim.

The purpose of requiring a certificate of the amount of capital contributed by the special partner is to enable those who may deal with the firm to estimate the credit that may be prudently extended to it, and it is strictly just that they shall be able to make such estimate with the greatest possible accuracy.

It is clear that if the new firm in fact assumed to discharge and did discharge the old firm's debt to the special partner, his certificate of the amount of capital contributed to the new firm would be misleading and deceptive, as a means of estimating the credit that should be allowed to the new, and might well operate as a snare or trap to those who extend credit to it. The certificate would be substantially untrue, and in our opinion the special partner would become liable as a general partner.

We have been urged by counsel for appellants to enter a judgment in this court against appellee for the amount of their claim. We do not deem the case a proper one for the adoption of that course. The evidence on the point on which we reverse the case is not altogether clear, and we are of opinion that justice between the parties may be more cer- tainly attained by remanding the case for another trial, when further evidence may be introduced, and the facts with ref- erence to the source of the fund for payment of the Wilson claim to appellee be more clearly shown. The judgment will be reversed and the case remanded.

*Reversed and remanded.*